UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------
MARIO WILLIAMS,
                              Petitioner,

       -v.-                                                 9:07-CV-0106
                                                           (DNH)(DEP)

THOMAS POOLE, Superintendent, Five Points
Correctional Facility,
                              Respondent.
------------------------------------------------------------------------------
APPEARANCES:

MARIO WILLIAMS
Petitioner, *pro se*
03-B-1134

HON. ANDREW M. CUOMO                 FREDERICK H. WEN,  ESQ.
Office of Attorney General
State of New York
120 Broadway
New York, NY 10271

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## **ORDER**

      Petitioner Mario Williams filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 30, 2007.  Dkt. No. 1.  Petitioner thereafter filed an Amended Petition on March 9, 2007.  Dkt. No. 6.  Respondent was served with the Petition, but his Response is not yet due to the Court. *See* Dkt. No. 11.

      Currently before the Court is Petitioner's Motion to Stay this proceeding so that he may exhaust his state court remedies with regard to his unexhausted claims.  Dkt. No. 13.  Respondent has not filed a response to this Motion.

      As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 534, U.S. 1015, 122 S.Ct. 506 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA") are considerable. In cases such as this, where the court apparently is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. The Second Circuit ruled in *Zarvela*, that when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380 (quotations omitted). The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*.

Petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of habeas corpus petitions underlying the AEDPA. Accordingly, in light of *Zarvela*, and in the interest of preserving the viability of Petitioner's claims, the Court grants Petitioner's Motion subject to the limitations set forth herein. Further proceedings in this matter are hereby stayed in order that Petitioner may promptly pursue his claims in state court and, if necessary, return to this Court after exhaustion is completed.

WHEREFORE, it is hereby

ORDERED, that further proceedings in this matter are hereby **stayed**, on the following terms and conditions: **Within thirty (30) days** from the date of the resolution of Petitioner's CPL §440 Motion, as well as **Within thirty (30) days** from the date of

2

the resolution of any coram nobis motion filed by Petitioner, Petitioner must advise the Court and counsel for the respondent, in writing, of the outcome thereof and must also provide a copy of the state court decision(s) concerning the disposition of the newly exhausted claims, and it is further

ORDERED, that Petitioner advise the Court and respondent's counsel, in writing, **within sixty (60) days** from the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s), and it is further

ORDERED, that Respondent shall not be required to file a response to the Petition until the Court issues an Order directing such response after Petitioner has completed his state court proceedings, and it is further

ORDERED, that if Petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration. IT IS SO ORDERED.

Dated:   May 23, 2007
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge